UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MARK MANASSE, | ) |
| Petitioner, | ) Civil No. 6: 17-302-GFVT |
| v. | ) |
| J. RAY ORMOND, Warden, | ) MEMORANDUM OPINION & ORDER |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Mark Manasse has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] [R. 1.] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court must deny Manasse's petition.

In April 2011, Manasse was indicted in Newark, New Jersey for his leadership role in operating an extensive drug trafficking ring. In January 2013, Manasse reached a written agreement with the government to plead guilty to a single count of conspiracy to possess with intent to distribute 280 or more grams of crack cocaine in violation of 21 U.S.C. § 846. As part of that agreement, Manasse expressly waived his right to appeal or collaterally attack his conviction or sentence by any means.

Over Manasse's strenuous objections, at the July 2013 sentencing hearing, the trial court accepted the probation office's conclusion that Manasse qualified as a career offender under

---

[1] Manasse named the United States of America as the respondent in this proceeding, but the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court will therefore substitute J. Ray Ormond, Warden of the United States Penitentiary - McCreary, as the respondent in this proceeding.**Error! Main Document Only.**

U.S.S.G. § 4B1.1(a). Manasse had prior New Jersey convictions for aggravated assault, second degree eluding (vehicular), and conspiracy to possess with intent to distribute cocaine. The trial court concluded that at least two of these constituted valid predicate offenses, and applied the guidelines enhancement. The trial court sentenced Manasse to 325 months imprisonment. Manasse filed a direct appeal, but the Third Circuit dismissed it in light of Manasse's appeal waiver. *United States v. Manasse*, No. 2: 11-CR-768-JLL-3 (D.N.J. 2011).

In his § 2241 petition, Manasse purports to rely upon *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), to argue that his prior convictions for assault and conspiracy no longer qualify as valid predicate offenses. [R. 1.] However, Manasse's petition must be dismissed because he expressly waived his right to collaterally attack his sentence and because his *Mathis* claim is not cognizable in a § 2241 petition.

As noted above, in his plea agreement Manasse expressly and unequivocally waived his right to appeal or collaterally attack his conviction or sentence. Manasse is therefore barred from challenging his conviction or sentence in this proceeding because the waiver provision in his plea agreement applies to collateral attacks asserted under § 2241. *Muse v. Daniels*, 815 F. 3d 265, 266 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for

2

example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.").

Manasse is therefore barred from challenging his conviction or sentence in this proceeding, and his petition must be dismissed. *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001). See also *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011).

Even if this were not so, Manasse's § 2241 petition constitutes an impermissible collateral attack on his sentence. A federal prisoner may challenge the legality of his sentence in a § 2255 motion, but may not do so in a § 2241 petition. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). Having failed to obtain relief from his conviction and sentence under § 2255, a prisoner may not simply invoke § 2241 as an additional or alternative remedy to the one provided by § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001)..

The savings clause found in 28 U.S.C. § 2255(e) carves out an exception to this general rule, but it does not apply here. Manasse does not challenge his conviction, but his sentence. The narrow range of claims cognizable in a § 2241 proceeding applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to the general rule that 28 U.S.C. § 2255, not § 2241, must be used to challenge a conviction or sentence. Under *Hill*, a challenge to a sentence is permissible in a § 2241 petition only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were

3

mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Manasse's claim fails to satisfy at least the first and third requirements. Manasse was sentenced in 2013, nearly a decade after *Booker* was decided, under an advisory guidelines regime. And the Supreme Court in *Mathis* merely reiterated what it had held long ago: that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). But for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F. 3d 375, 376-77 (6th Cir. 2017). Therefore Manasse's *Mathis* claim is not cognizable in a § 2241 petition, and his petition must be denied.

Accordingly, **IT IS ORDERED** that:

4

1.  Warden J. Ray Ormond is **SUBSTITUTED** for the United States of America as the respondent in this proceeding;

2.  The petition filed pursuant to 28 U.S.C. § 2241 by Mark Manasse [R. 1] is **DENIED** with respect to all issues raised in this proceeding;

3.  The Court will enter an appropriate Judgment; and

4.  This matter is **DISMISSED** and **STRICKEN** from the active docket.

This the 28th day of November, 2017.

*[Signature]*

Gregory F. Van Tatenhove
United States District Judge